FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA 00 MAY 12 AM 9:
MIDDLE DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| VULCAN INDUSTRIES, A DIVISION OF EBSCO INDUSTRIES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>STRADA DESIGN ASSOCIATES, INC.<br><br>Defendant. | CV-98-PT-0139-M<br><br>ENTERED<br><br>MAY 12 2000 |

## MEMORANDUM OPINION

This cause comes on to be heard on Renewed Motion for Judgment as a Matter of Law or Alternative Motion to Set Aside Verdict and for New Trial filed by defendant Strada Design Associates, Inc. on March 27, 2000.

The motion raises these issues:

(1) The court erred in allowing the jury to conclude that certain terms and conditions stated in an early price quote were applicable to later purchases.

(2) The plaintiff should not have been allowed to recover attorney fees.

(3) In any event, the verdict was against the great weight of the evidence because it is obvious that the component parts were not manufactured according to specification covered by an express warranty and the verdict was otherwise contrary to the evidence.

The court will address these issues in order.

(1) While the issue of the appropriateness of the jury being able to consider the terms

1

and conditions in the early quote is anything but clear, the court concludes that it presented a jury question. There was a sequence of negotiations involving the same or similar products. There was never a renunciation by either party of the stated terms and conditions. The court will not grant the motion on this ground. The jury could have, perhaps, reasonably concluded that there was a continuation of negotiations with only certain terms and conditions changed. This court would not quarrel with a conclusion by others that there were separate transactions and that the only transaction which included the said terms and conditions was, by law, canceled, thus eliminating consideration thereof as to later transactions. As indicated, the issue does not have a clear resolution. This court concludes, however, that the issue is factual.

(2)   There is no dispute that there was <u>no</u> proof of the reasonableness of the attorney fees. It appears obvious that some of the items claimed as attorney fees were not reasonably claimed as attorney fees. The only proof is that there was a bill and that it was paid.

Plaintiff, somewhat remarkably, argues "The jury was not told that the attorneys' fees portions of these costs had to be reasonable... ." It is obvious that the defendant clearly objected and excepted to the submission of the question at all because of the lack of proof of reasonableness. The defendant does not lose this argument merely because the court did not instruct the jury that there had to be reasonableness even in the absence of such proof. This reservation by the defendant may not have been clear to the plaintiff, but it was entirely clear to the court. The court submitted the issue because it knew that it could determine post-trial whether <u>evidence</u> of reasonableness was necessary and that the issue could be separately resolved.

In Deatherage v. Walker, 387 So.2d 845 (Ala. Civ. App. 1980), the court stated, perhaps in dicta, "[I]n the absence of proof that such attorney fees are reasonable, attorney's fees are not recoverable." Deatherage was a jury case.

In Highlands Underwriters Ins. Co. v. Elegante Ins., Inc., 361 So.2d 1060 (Ala. 1978), the court stated:

> When attorneys' fees or other expenses of litigation are recoverable as damages, they can be recovered only to the extent that they are necessarily incurred and reasonable in amount. 25 C.J.S. Damages s 91(2), p. 981. The fee charged by counsel for plaintiff is not conclusive on the court of reasonableness of the fee to be awarded as damages. Such fees must be based, not upon the charges made in the case, but <u>upon evidence showing the service rendered and the reasonable value thereof,</u> United Bonding Ins. Co. v. Presidential Ins. Co., 155 So.2d 635 (Fla. App. 1963). Therefore, the award of the attorneys' fees must be reversed and the cause remanded for the circuit court to re-determine the award in accordance with applicable principles. [Emphasis added]

Highlands was a non-jury case.

In Peebles v. Miley, 439 So.2d (Ala. 1983), the court stated:

> Over 71 years ago, Justice Somerville set forth yardsticks to be used by our courts in determining reasonable attorney's fees. He said:
>
> The general principle is everywhere established that an attorney is in such a case entitled to reasonable compensation for his services, appropriate to his employment, rendered by him to his client. Humes v. Decatur, etc., Co., 98 Ala. 461, 470, 13 South. 368. In the estimation of their value many elements may be material for consideration, among which are the nature and value of the subject-matter of the employment; the learning, skill, and labor requisite to its proper discharge; the time consumed; the professional experience and reputation of the attorney; the weight of his responsibility; and the measure of success achieved. Faulk & Co. v. Hobbie Grocery Co., 178 Ala. 254, 59 So. 450 (1912).
>
> . . . .
>
> Thus, according to the American Bar Association, Justice Somerville's original criteria of six, to which one has been added, should be expanded to include five additional criteria. They are as follows:

3

      1. Whether a fee is fixed or contingent.

      2. The nature and length of a professional relationship.

      3. The fee customarily charged in the locality for similar legal services. (This was included in the Faulk opinion, but not listed in cases which have followed Faulk).

      4. The likelihood that a particular employment may preclude other employment.

      5. The time limitations imposed by the client or by the circumstances.

After due consideration of these additional measurements, we believe them to be appropriate yardsticks to be used in determining counsel fees and adopt them as a part of our Alabama jurisprudence.

No evidence was offered by the plaintiff in this case as to any of these factors.

The Alabama law may be different for non-jury cases, but even in such a case a court has stated:

In this court's opinion, the better practice would be for the trial court to require testimony or other evidence regarding the reasonableness of any attorney's fee requested in any case. See Hodson, 276 Ala. at 232, 160 So.2d at 641.

<u>Spafford v. Crescent Credit Corporation</u>, 497 So.2d 160 (Civ. App. 1986).

Even in a non-jury default judgment case, the Alabama Supreme Court stated:

Lolley contends that because insufficient evidence was presented with regard to attorney's fees, this court should vacate the trial court's judgment awarding attorney's fees and remand the case... .

. . . .

In accordance with the foregoing reasons, we vacate the judgment herein pertaining to attorney's fees and instruct the trial court to conduct an evidentiary hearing for the determination of a reasonable attorney's fee, in light of the guidelines set forth in <u>Peebles v. Miley</u>, supra, and to set forth with some particularity the findings from the evidence adduced.

4

No proof of reasonableness or of other factors related to the recovery of attorney fees having been offered, the evidence was insufficient to support an attorney fee claim and that item of recovery will be deleted from the judgment.[1]

(3) The last issue is interrelated with the first issue. For the same reasons stated with regard to the first issue, the motion will not be granted on this ground. While this judge, if the case had been tried non-jury, might well have ruled differently, that is not the measure.

**DONE** and **ORDERED** this 10th day of May, 2000.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] See Stewart & Stevenson Services, Inc. v. Pickard, 749 F.2d 635, 648 (11th Cir. 1984)(to recover compensatory damages a plaintiff must meet not only the burden of proving the fact of damages, but must also meet the burden of proving a basis for determination of the amount of those damages); Marcus v. Lindsey, 592 So.2d 1045, 1046-47 (Ala. 1992)(the party claiming damages has the burden of establishing by competent evidence the existence of an entitlement to damages and the amount of those damages)

5